UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x   Case No.: 20-civ-_____
NATALIA KOMAROVA

                         Plaintiff,             COMPLAINT

      -against-

ROSALIE UYOLA and JONATHAN TATKON-COKER

                     Defendants
------------------------------------------------------------x

      NATALIA KOMAROVA (hereinafter "Ms. Komarova" or "Plaintiff"), through her undersigned counsel, brings this action to recover lawful wages under federal and state labor laws arising out of her employment by Rosalie Uyola and Jonathan Tatkon-Coker (hereinafter jointly referred to as "Defendants"), as well as liquidated damages, interest, attorney's fees and costs generated by this action.

## PRELIMINARY STATEMENT

      1.     Plaintiff Natalia Komarova was employed as a full-time nanny by Defendants Rosalie Uyola and Jonathan Takcon-Coker for nearly fifteen months, from in or around May 27, 2018 through August 5, 2019.

      2.     Throughout her employment, Plaintiff maintained a rigorous work schedule that fluctuated between 60 and 72 hours per week. In recompense for this work, which was significantly more than what her oral agreement required, she was paid only $600, well under the minimum wage. Additionally, Defendants failed to pay overtime or spread of hours pay.

1

3.     In May 2019, Plaintiff asked for an increase in her weekly wages to be effective in September 2019.  While Defendants verbally approved such request, they abruptly terminated Plaintiff on August 5, 2019.

4.     Accordingly, Plaintiff brings claims for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and seeks compensatory and liquidated damages, as well as interest, attorneys' fees and the costs related to this action.

**JURISDICTION AND VENUE**

5.     This court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

6.     This court has supplemental jurisdiction over Plaintiff's New York Labor Law claims under 28 U.S.C. § 1367(a) because these claims are so closely related to Plaintiff's federal law claims that they form part of the same case or controversy.

7.     This court has diversity jurisdiction over Plaintiff's New York Labor Law claims under 28 U.S.C. § 1332(a)(1) because the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

8.     Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this action occurred in this district.

## PARTIES

9. Plaintiff Natalia Komarova is an individual currently residing in New York County, New York. Plaintiff was employed by Defendants as a full-time nanny from on or around May 27, 2018 through August 5, 2019.

10. At all relevant times, Plaintiff was Defendants' employee as defined by 29 U.S.C. § 203(e)(1) and New York Labor Law §§ 2(5), 190(2) and 651(5).

11. Upon information and belief, Defendant Rosalie Uyola resides at 11 Elm Street, Middlebury, VT 05753.

12. Upon information and belief, Defendant Jonathan Tatkon Coker resides at 11 Elm Street, Middlebury, VT 05753.

13. At all relevant times, Defendants were Plaintiff's employers as defined by 29 U.S.C. § 203(d), NYLL §§ 2(6), 190(3) and 651(6).

14. At all relevant times, Plaintiff was employed by Defendants within the meaning of 29 U.S.C. §203(g) and NYLL § 2(7).

## STATEMENT OF FACTS

15. Plaintiff began working for Defendants on or about May 27, 2018 and continued her employment until on or about August 5, 2019.

16. Defendants hired Ms. Komarova as a full-time nanny to care for their two young children, who at time were three years old and eighteen months old.

17. Ms. Komarova was introduced to Defendants by a non-party, who arranged the interview and told her that her compensation would be $500 per week, plus the cost of food and housing, for working ten to eleven hours per day, Monday through Friday.

18. During the interview, Defendant Rosalie Uyola confirmed that Ms. Komarova would work ten to eleven hours per day, five days per week.

19. At the time of Ms. Komarova's interview for the position, Defendants lived in New Jersey. To encourage Ms. Komarova to take the position, Defendant Rosalie Uyola also offered to pay for the transportation costs from/to New York City, where Ms. Komarova resided.

20. On Ms. Komarova's second day of work, Defendant Rosalie Uyola and the children moved into an apartment on Central Park West in New York City. Ms. Komarova was instructed to move with them and to reside in their apartment.

21. Defendant Jonathan Tatkon-Coker remained in New Jersey, where he worked. He lived in to Defendants' New York residence on holidays and weekends.

22. Once Ms. Komarova moved into Defendants' New York residence, Defendant Rosalie Uyola changed her work schedule from Monday through Friday, for ten or eleven hours per day, to Monday through Saturday, for twelve or more hours per day. Payment was $600 a week, with no additional compensation for overtime or spread of hours pay.

23. Ms. Komarova duties included preparing the childrens' breakfast, escorting the oldest child to school by 8:00 A.M., bringing the younger children to nursery school three days a week and retrieving them around noon, preparing and serving lunch, supervising the children until dinner, which she prepared and served, and then putting the children to bed. She was also instructed to clean the kitchen.

24. Ms. Komarova did not receive any breaks and was not afforded any meal times. She was required to eat while actively supervising the children.

25. Defendant Rosalie Uyola would regularly review Ms. Komarova's work and give

4

additional instructions.

26. Defendant Jonathan Tatkon-Coker would also give Ms. Komarova instructions, including occasionally instructing her to work additional hours.

27. Due to the intense schedule and stress, Ms. Komarova started experiencing anxiety and heart palpitations a month and and a half after starting work for Defendants. For this reason, she discussed her schedule further with Defendant Rosalie Uyola, who granted her an additional half day off every other week. Ms. Komarova's work schedule was otherwise unchanged.

28. On or about May 2019, Defendant Rosalie Uyola and the children moved to a new residence on or around 19th Street in Manhattan. Defendant Jonathan Tatkon-Coker moved into the 19th Street residence on a full time basis.

29. Around this time, Ms. Komarova requested an increase in her weekly wages. Alternatively, she offered to continue working until August, 2019 so that Defendants could find a replacement.

30. Defendant Rosalie Uyola represented that Defendants would increase Ms. Komarova's wages in September 2019, but terminated her, with no warranting, just before the increase was to take effect.

31. On July 1, 2019 Defendants left New York for an extended vacation. Defendants returned on Tuesday, July 30, 2019.

32. During this time, Ms. Komarova remained in New York. She received no compensation for the month of July.

33. Ms. Komarova resumed her work duties on Wednesday, July 31, 2019. She worked three full days for Defendants, but on Friday evening, August 2, Defendant Tatkon-

5

Coker handed her $300, fired her, and ordered her to vacate the apartment within 5 days.

34. Defendant Tatkon-Coker explained that, due to a pending "inspection," Ms. Komarova could not remain in the apartment. He also informed her that she now lived with and worked for one of his friends. This friend, who Ms. Komarova had never met, expected her to work longer hours for less money. Ms. Komarova declined to be "traded" to this friend.

35. Ms. Komarova was now jobless and on the verge of becoming homeless. She had only been paid $300 during the last thirty-eight days, leaving her unable to afford a security deposit on a new apartment. She had to beg Defendant Tatkon-Coker for help. He gave her $560, and she moved out.

36. Ms. Komarova subsequently requested her unpaid wages. On March 31, 2020, Defendant Rosalie Uyola and Ms. Komarova agreed to toll the statute of limitations on Ms. Komarova's claims until May 27, 2020 so they could discuss a potential settlement. This matter has not settled.

37. At all relevant time, Defendants had the power to hire and fire Plaintiff.

38. At all relevant times, Defendants supervised and controlled, or at the very least had the power and authority to control Plaintiff's work schedule, conditions of employment and the rate and method of payment.

39. Under NYLL § 195(1)(a) every employer is required to provide his or her employees, at the time of hiring, a notice containing the rate of payment and the basis thereof, whether paid by the hour, shift, day, week or other, lodging allowances, if any, among other requirements.

40. Throughout the time of Plaintiff's employment, Defendants failed to provide Plaintiff with the notice of hire required under NYLL § 195(1)(a).

41. From May 25, 2018, through Plaintiff's termination on August 5, 2019, Defendants paid a weekly salary of $600 in cash per week. 12 NYCRR 142-2.5. Accordingly, Plaintiff's agreed upon rate for every hour of work was $8.33 per hour.

42. From December 31, 2017 through and including December 30, 2018, the minimum wage rate in the city of New York for employees working for small employers (less than 10 employees) was $12.00 per hour.

43. From December 31, 2018 through and including December 30, 2019, the minimum wage rate in the city of New York for employees working for small employers (less than 10 employees) was $13.50 per hour.

44. From May 25, 2018, through Plaintiff's termination on August 5, 2019, Defendants failed to pay the minimum wage required under NYLL.

45. Under NYLL § 195(3) every employer is required to provide an employee with a statement with every payment of wages listing, *inter alia*, the dates of work covered by that payment, the rate of pay and the basis thereof, the overtime rate of pay, the number of regular hours worked, the number of overtime hours worked, gross wages and any deductions or allowances, if any.

46. From May 25, 2018, through Plaintiff's termination on August 5, 2019, Defendants failed to provide any paystubs with the payment of wages, as required under NYLL § 195(3).

47. From May 25, 2018, through Plaintiff's termination on August 5, 2019, Plaintiff worked well in excess of forty-four hours per week, however, Defendants never paid any overtime compensation.

48. From May 25, 2018 through Plaintiff's termination on August 5, 2019, Plaintiff

7

worked five or six shifts of more than ten hours per day, every other week.

49. Under 12 N.Y.C.R.R. § 142-2.4(a) an employee is entitled to receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage rate, for every day in which the spread of hours exceeds ten hours.

50. From May 25, 2018 through Plaintiff's termination on August 5, 2019, Defendants failed to pay any spread of hours pay.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Minimum Wage under New York Labor Law and the Fair Labor Standards Act**

51. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 53 as if fully set forth herein.

52. At all relevant times to this action, Ms. Komarova was an employee of Defendants within the meaning of 29 U.S.C. § 203(e)(1) and New York Labor Law §§ 2(5), 190(2) and 651(5).

53. For the duration of Plaintiff's employment, Defendants failed to pay the applicable minimum wage rate in violation of 29 U.S.C. § 206(f), New York Labor Law § 652.1(a)(ii) and 12 N.Y.C.R.R. § 142-2.4

54. Under 29 U.S.C. § 218(a) Defendants were required to pay the higher state minimum wage as provided under New York State labor laws.

55. Due to Defendants' willful violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages, liquidated damages in an amount equal to one hundred percent of her unpaid minimum wages, prejudgment interest, the costs generated by this action and all reasonable attorney's fees

pursuant to 29 U.S.C. § 218(a), NYLL §§ 663(1) and § 198(1-a).

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime Wages under New York Labor Law

56. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 58 as if fully set forth herein.

57. Under NYLL § 170 and 12 N.Y.C.R.R. § 142-2.2 Defendants are required to compensate Plaintiff at a rate of one and one-half times her regular rate of pay for each hour worked in excess of forty-four hours per week.

58. Defendants willfully failed to pay Plaintiff overtime wages at the rate of one and one-half times Plaintiff's regular wage rate for each hour worked in excess of 44 per week in violation of NYLL § 170 and 12 N.Y.C.R.R. § 142-2.2.

59. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants her unpaid overtime compensation, an additional equal amount as liquidated damages, pre-judgment interest as required under the New York Civil Practice Law and Rules, reasonable attorney's fees and the costs generated by this action.  NYLL § 663.1.

## THIRD CAUSE OF ACTION
### Failure to Provide Notice of Pay Rate under New York Labor Law

60. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 62 as if fully set forth herein.

61. Under NYLL, Defendants were required to provide to Plaintiff a notice providing, *inter alia*, her regular rate of pay and her overtime rate of pay. NYLL § 195(1)(a).

62. Defendants failed to provide Plaintiff, at the time of hiring, with the required

notice in violation of NYLL.

63. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants $50 for each work day that the violations occurred, up to a total of $5,000, together with costs and reasonable attorney's fees and any other relief that the Court may deem necessary or appropriate. NYLL § 198(1-b).

## FOURTH CAUSE OF ACTION
**Failure to Provide Wages Statements under New York Labor Law**

64. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 66 as if fully set forth herein.

65. Under NYLL, Defendants were required to provide to Plaintiff a statement with every payment of wages, setting forth, *inter alia*: i) the dates of work covered by that payment of wages ii) the regular hourly rate of pay, iii) the overtime rate of pay, iv) the number of regular hours worked, v) the number of overtime hours worked. NYLL § 195(3); 12 N.Y.C.R.R. § 142-2.7.

66. Defendants failed to provide Plaintiff with any such statements, in violation of the NYLL. NYLL § 198(1-d).

67. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants $250 for each work day that the violations occurred, up to a total of $5,000, together with costs and reasonable attorney's fees and any other relief that the Court may deem necessary or appropriate.

## FIFTH CAUSE OF ACTION
**Failure to Pay Spread of Hours under New York Labor Law**

10

68. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 70 as if fully set forth herein.

69. Under NYLL, Defendants were required to pay Plaintiff one extra hour of pay at the minimum wage rate, in addition to the minimum wage rate required, for every day in which the spread of hours exceeds ten hours. 12 N.Y.C.R.R. § 142-2.4(a).

70. Defendants required Plaintiff to work a spread of hours in excess of ten hours per day.

71. Defendants failed to pay Plaintiff an extra hour's pay for every day that Plaintiff worked in excess of ten hours, in violation of 12 N.Y.C.R.R. § 142-2.4(a).

72. Defendants failure to pay one extra hour of pay for each day that Plaintiff worked in excess of ten hours was willful and intentional.

73. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants her unpaid spread of hours' compensation, an additional equal amount as liquidated damages, pre-judgment interest as required under the New York Civil Practice Law and Rules, reasonable attorney's fees and the costs generated by this action. NYLL § 663(1), NYLL § 198(1-a).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that a judgment be granted as follows:

a) Declaring Defendants' conduct complained of herein to be in violation of Plaintiff's rights under the FLSA and NYLL;

b) Awarding Plaintiff unpaid minimum wages due under the FLSA and NYLL;

c) Awarding Plaintiff unpaid overtime wages due under NYLL;

d) Awarding Plaintiff damages for Defendants' failure to provide a notice of pay rate, in violation of NYLL;

e) Awarding Plaintiff damages for Defendants' failure to provide wage statements, in violation of NYLL;

f) Awarding Plaintiff unpaid spread of hours pay due under NYLL;

g) Awarding Plaintiff liquidated damages in an amount equal to the underpayment found due under the FLSA and NYLL;

h) Awarding Plaintiff pre-judgment and post-judgment interest;

i) Awarding Plaintiff the costs generated by this action, together with reasonable attorney's fees; and

j) Awarding such other relief as this court deems just and proper.

Dated: New York, New York
October 6, 2020

Respectfully submitted:

/s/ Heidy M. Rodriguez
Heidy M. Rodriguez, Esq.
Carmela Huang, Esq.
The Legal Aid Society, Civil Practice
199 Water Street, 3th Floor
New York, NY  10038
Tel.: 646-574-3441

/s/ Zachary C. Naidich
Zachary C. Naidich, Esq.
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas, Rm 3043
New York, NY 10036
(212) 715-9218

*Attorneys for Plaintiff Natalia Komarova*